[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 08, 2004
THOMAS K. KAHN
CLERK

No. 03-14586
Non-Argument Calendar

_____

D.C. Docket Nos. 01-01367-CV-ORL-22-DAB
and 98-00151-CR-ORL

DONALD JEROME SPERO,

                                            Petitioner-Appellee,

    versus

UNITED STATES OF AMERICA,

                                            Respondent-Appellant.

_____

No. 03-14587
Non-Argument Calendar

_____

D.C. Docket No. 01-01159-CV-ORL-22-DAB
98-00151-CR-ORL

MARY CATHERINE JONES,

                                            Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeals from the United States District Court for the
Middle District of Florida
_____

**(July 8, 2004)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

The government appeals the grant of Donald Jerome Spero's and Mary

Catherine Jones's motions to vacate sentence, filed pursuant to 28 U.S.C. § 2255,

and the subsequent re-sentencing of the defendants to time served.

The defendants were convicted of possession with intent to distribute heroin

in violation of 21 U.S.C. § 841(b)(1)(C). The statutory maximum punishment for

this offense is twenty years. No minimum punishment is prescribed, unless

"death or serious bodily injury result[ed] from the use" of the illegal substance. If

that happened, the statutorily prescribed punishment range becomes twenty years

to life. Thus, what was the maximum becomes the minimum.

At the original sentencing, the district court found by a preponderance of the

2

evidence that the defendants' conduct in distributing heroin had caused the death of a drug user. It imposed a 240-month sentence, which was the enhanced minimum sentence. After an unsuccessful direct appeal, the defendants each filed a 28 U.S.C. § 2255 motion to vacate, arguing that the sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and that the district court's factual findings had been in error. The district court granted the defendants' motions on the basis of Apprendi and re-sentenced them to time served (approximately 60 months), an action which led to this consolidated appeal by the government. Because the Apprendi rule does not apply in minimum mandatory circumstances where the enhanced minimum mandatory sentence does not exceed the non-enhanced maximum sentence, we reverse.

The Supreme Court held in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. We have previously explained that Apprendi has "no effect on cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction." United States v. Sanchez, 269 F.3d 1250, 1268 (11th Cir. 2001) (en banc) (emphasis omitted). Whatever other effect the Supreme Court's recent decision in Blakely v.

Washington, 542 U.S. __, __ S. Ct. __, No. 02-1632, slip. op. at 7 (June 24, 2004), may have, it does not undermine the validity of minimum mandatory sentences, at least not where the enhanced minimum does not exceed the non-enhanced maximum. That much is clear from the fact that Blakely, like Apprendi, explicitly distinguished minimum mandatory sentences from the circumstances involved in those cases and indicated that McMillan v. Pennsylvania, 477 U.S. 79, 106 S. Ct. 2411 (1986), is still good law.

In McMillan, the Supreme Court held that imposition of a minimum mandatory sentence predicated upon a fact found by the judge by a preponderance of the evidence violates neither Due Process nor the jury trial guarantee of the Sixth Amendment, so long as the statutory maximum authorized by the jury's verdict is not exceeded. See 477 U.S. at 87-88, 93, 106 S. Ct. at 2416-17, 2420. The Court said in Apprendi that: "[w]e do not overrule McMillan. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict – a limitation identified in the McMillan opinion itself." 530 U.S. at 487 n.13, 120 S. Ct. at 2361 n.13. In Blakely, the Court distinguished McMillan from that case in which a judge-found fact had increased the maximum sentence the defendant could receive, because "McMillan involved a sentencing scheme that imposed a

4

statutory <u>minimum</u> if a judge found a particular fact." <u>Blakely</u>, slip. op. at 8 (emphasis in original).

This case is on all fours with <u>McMillan</u>. The statutory maximum for the defendants' crime of conviction, under the facts to which they pleaded guilty and without reference to the "death enhancement" found by the judge, was twenty years. Therefore, the twenty-year sentence imposed upon the defendants did not exceed the statutory maximum and violate the <u>Apprendi</u>/<u>Blakely</u> doctrine.

The district court thought otherwise. It reasoned that <u>Apprendi</u> should apply because the court might have sentenced the defendants to less than twenty years had there not been the twenty-year minimum, which resulted from the judicial finding that death had resulted from the drug offense to which the defendants pleaded guilty. However, statutory sentencing factors that trigger a statutory minimum and limit the judge's discretion in imposing sentence are permissible and need not be found by a jury, "provided that the mandatory minimum term does not exceed the otherwise applicable statutory maximum." <u>Sanchez</u>, 269 F.3d at 1269; <u>see also</u> <u>Harris v. United States</u>, 536 U.S. 545, 567, 122 S. Ct. 2406, 2419 (2002) ("Within the range authorized by the jury's verdict, however, the political system may channel judicial discretion . . . by requiring defendants to serve minimum terms after judges make certain factual findings.")

That is what <u>McMillan</u> is all about.

The district court thought that it mattered that the judicially found fact enhanced the minimum sentence a great deal – 300 percent – but the amount of the enhancement does not matter, so long as the enhanced minimum does not exceed the pre-enhanced maximum.

To affirm the district court, we would have to effectively overrule the <u>McMillan</u> decision, something the Supreme Court has twice declined to do, and something we are powerless to do even if we thought that later decisions had undermined its reasoning (a question we need not explore).  <u>See</u> <u>Rodriguez de Quijas v. Shearson/Am. Express, Inc.</u>, 490 U.S. 477, 484, 109 S. Ct. 1917, 1921-22 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); <u>see also</u> <u>State Oil Co. v. Khan</u>, 522 U.S. 3, 20, 118 S. Ct. 275, 284 (1997) ("it is this Court's prerogative alone to overrule one of its precedents").

The grant of the defendants' motion to vacate their sentence on <u>Apprendi</u> grounds is REVERSED, and we REMAND for the reimposition of the defendants' twenty-year sentences.