[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10251
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80053-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ivan Gibson appeals his 180-month sentence, imposed after he pled guilty to

possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1), and possessing cocaine, in violation of 21 U.S.C. § 844 (Count 2). On appeal, Gibson argues that the district court's enhancement of his sentence, based on a finding that he was an armed career criminal, violated United States v. Booker, 543 U.S. ____, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because his prior convictions were not alleged in the indictment, admitted by him, or established beyond a reasonable doubt to a jury. We affirm.

Because Gibson preserved his Booker claim in the district court, our review is de novo, but we will reverse and remand only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Preserved constitutional and statutory errors under Booker are reviewed for harmless error. See United States v. Mathenia, 409 F.3d 1289, 1291-93 (11th Cir. 2005). Constitutional error is "harmless" when the government can show beyond a reasonable doubt that the error did not contribute to the defendant's ultimate sentence. Id. at 1291. We review statutory error under a less demanding test: whether a review of the proceedings, as a whole, shows that the error either did not affect the sentence or had only a slight effect. Id. at 1291-92. "If one can say with fair assurance that the

2

sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. at 1292 (internal marks omitted). The government has the burden of proof under both standards. Id.

The facts relevant to Gibson's Booker claim are these. After pleading guilty, Gibson proceeded to sentencing. The presentence investigation report ("PSI") calculated a base offense level of 24 for Count 1, pursuant to U.S.S.G. § 2K2.1(a)(2), and a base offense level of 6 for Count 2, pursuant to U.S.S.G. § 2D2.1. The PSI determined that the offenses could not be grouped under U.S.S.G. § 3D1.2 and stated Gibson's combined adjusted offense level was 24, pursuant to U.S.S.G. § 3D1.4.

The PSI then determined that Gibson was an armed career criminal because he was subject to an enhanced sentence under 18 U.S.C. § 924(e), pursuant to U.S.S.G. § 4B1.4(a). Gibson had prior convictions for burglary, carrying a concealed firearm, possession of heroin with intent to sell, and battery on a law enforcement officer. The PSI enhanced Gibson's offense level to 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B). After a 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), Gibson's adjusted offense level was 30. With a criminal history category VI, his Guidelines sentencing range was 168 to 210 months' imprisonment.

Finally, the PSI stated that Count 1 carried a statutory minimum 15-year term of imprisonment, while the statutory term of imprisonment for Count 2 was zero to one year. Based on the statutory minimum sentence for Count 1, the PSI adjusted the Guideline range to 180 to 210 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2).

Over Gibson's objections, including an objection based on Blakely, the district court imposed a 180-month term of imprisonment on Count 1 and a 12-month term of imprisonment on Count 2, to run concurrently, and five years' supervised release. This appeal followed.

The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). In Booker, the Court reiterated its holding in Almendarez-Torres. See 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); see also United States v. Orduno-Mireles, 405 F.3d 960, 962-63

(11th Cir. 2005) (holding that after Booker, "Almendarez-Torres remains the law until the Supreme Court determines that [it] is not binding precedent."). Based on this binding precedent, we reject Gibson's argument that his Fifth and Sixth Amendment rights were violated when his sentence was enhanced based on his recidivism and find no Booker constitutional error here.[1]

While the district court committed no constitutional error, Booker non-constitutional, or statutory, error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Here, the district court sentenced Gibson under a mandatory Guidelines scheme but imposed sentence in accordance with a statutorily mandated minimum term. We have concluded that Booker "does not undermine the validity of minimum mandatory sentences, at least not where the enhanced minimum does not exceed the non-enhanced maximum." Spero v. United States, 375 F.3d 1285, 1286 (11th Cir. 2004), cert. denied,--- U.S. ----, 125 S. Ct. 1099, 160 L. Ed. 2d 1084 (2005), and cert. denied,--- U.S. ----, 125 S. Ct. 1345, 161 L. Ed. 2d 143 (2005).

In the instant case, the statutory minimum for Gibson's § 922(g)(1) offense,

---

[1] The Supreme Court's decision in Shepard v. United States, --- U.S. ----, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), does not alter this conclusion. See United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005);United States v. Camacho-Ibarquen, 410 F.3d at 1307, 1316 n.3 (11th Cir. 2005).

without reference to his recidivism, was 180 month's imprisonment. See 18 U.S.C. § 924(e)(1). Accordingly, although the district court stated that it was applying the Guidelines in a mandatory fashion, any Booker error did not affect Gibson's sentence because a 180-month sentence was mandated by statute. Cf. United States v. Raad, 406 F.3d 1322, 1323 n. 1 (11th Cir.) (finding harmless Booker error where district court sentenced defendant in accordance with mandatory minimum sentence statute), petition for cert. filed, No. 05-5281 (Jul. 5, 2005). After Booker, district courts remain bound by statutory minimum sentences. See Shelton, 400 F.3d at 1333 n.10. Thus, we readily conclude that any Booker statutory error in this case was harmless because the court could not have imposed a lesser sentence due to the statutory minimum.

**AFFIRMED.**