[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

No. 08-13759
Non-Argument Calendar

_____

D. C. Docket No. 06-00318-CR-RWS-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 3, 2009)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Edward Taylor appeals his 120-month sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, imposed after being convicted of the conspiracy and other related drug charges. The jury specifically found the offense involved between 50 and 100 kilograms of marijuana. At sentencing, however, the district court found, by a preponderance of the evidence, Taylor's drug conspiracy involved over 100 kilograms of marijuana. Based on this drug-quantity finding, and Taylor's prior drug felony conviction, the district court imposed a ten-year mandatory minimum sentence for the conspiracy conviction under 21 U.S.C. § 841(b)(1)(B)(vii).

On appeal, Taylor argues the district court violated the principles in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), and *United States v. Booker*, 125 S. Ct. 738 (2005), by imposing a mandatory minimum ten-year sentence because it was not based on a quantity of marijuana found by the jury. He notes because the jury found the quantity was less than 100 kilograms, the jury convicted him under § 841(b)(1)(C), which dictated a range of zero to 30 years' imprisonment. Based on *Booker* and the law in other circuits, he asserts a defendant may not be subject to "any" mandatory sentence unless it is supported by facts admitted by the defendant or found by the jury. Further, relying on authority from other circuits, he criticizes the district court's manipulation of

2

§ 841 to create a link between the minimum of one subsection and the maximum of another. He concludes there is no precedent in any circuit justifying the blending of a minimum sentence from § 841(b)(1)(B) and a maximum from § 841(b)(1)(C). Upon review of the sentencing transcript and the presentence investigation report, and upon consideration of the parties' briefs, we find no reversible error with respect to Taylor's sentence.

We review a preserved *Apprendi/Booker* claim on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). Both parties agree, based on the jury's drug-quantity finding, Taylor was subject to the 30-year statutory maximum provided in § 841(b)(1)(C), which applies to defendants who are convicted of conspiracy to possess with intent to distribute between 50 and 100 kilograms of marijuana and who have a prior drug felony conviction. 21 U.S.C. §§ 841(b)(1)(C), 846. Any person convicted of possessing with intent to distribute 100 kilograms or more of marijuana, and who has previously been convicted of a felony drug offense, is subject to a term of imprisonment not less than 10 years and not more than life. 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii).

In *McMillan v. Pennsylvania*, 106 S. Ct. 2411, 2416-17, 2419-20 (1986), the Supreme Court held a mandatory minimum sentencing act, which mandated a

3

minimum sentence based on judge-found facts by a preponderance of the evidence, did not violate due process or the Sixth Amendment. Years later in *Apprendi*, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The Court indicated it was not overruling *McMillan*, but limited *McMillan*'s holding to "cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict." *Id.* at 2361 n.13. In *Harris v. United States*, 122 S. Ct. 2406, 2420 (2002), a decision after *Apprendi*, the Supreme Court reaffirmed *McMillan* by holding that a district court's increase to a defendant's minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) based on a judicial finding that the defendant "brandished" a firearm was not unconstitutional. There, the Court interpreted the terms "brandished" and "discharged," as contained in § 924(c)(1)(A), to be "sentencing factors" to be found by a judge, and not elements to be found by a jury, even though these findings would increase a defendant's mandatory-minimum sentence under the statute. *Id.* at 2411-2414.

In *Booker*, the Supreme Court "reaffirm[ed] [its] holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence

4

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Court held that applying the Sentencing Guidelines as mandatory to a defendant's sentence violated the Sixth Amendment because it required the district court to increase the maximum guideline sentence authorized by the jury's findings based on judge-found facts. *Id.* at 749- 53, 755-56. In reaching this holding, the Supreme Court relied on its decision in *Blakely v. Washington*, 124 S. Ct. 2531(2004), which found a similar state sentencing scheme unconstitutional. *Booker*, 125 S. Ct. at 749-51, 755-56. The *Blakely* Court held the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 124 S. Ct. at 2537. *Blakely* was distinguished from *McMillan* because "*McMillan* involved a sentencing scheme that imposed a statutory *minimum* if a judge found a particular fact." *Id.* at 2538.

Prior to the decision in *Booker*, but after *Apprendi*, this Court held the drug quantities in § 841(b) were sentencing factors as opposed to elements of the single offense defined in § 841(a). *United States v. Sanchez*, 269 F.3d 1250, 1265, 1268 (11th Cir. 2001) (*en banc*), *abrogated in part on other grounds*, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005). In *Sanchez*, we stated "in a § 841

5

case, *Apprendi* does not prohibit a judge from making drug quantity findings and sentencing a defendant to one of the mandatory minimum sentences in § 841(b), provided that the mandatory minimum term does not exceed the otherwise applicable statutory maximum." *Id.* at 1269. Thus, when the defendant's "actual" or "ultimate" sentence falls at or below the applicable maximum statutory penalty, there is no *Apprendi* error and there is no need for the drug quantity to be submitted to a jury or proven beyond a reasonable doubt. *Id.* at 1270. Similarly, in *Spero v. United States*, 375 F.3d 1285, 1286-87 (11th Cir. 2004), a pre-*Booker* habeas corpus case, we concluded the imposition of a mandatory minimum under § 841(b) based on a judge-found fact does not violate *Apprendi* when the enhanced minimum sentence does not exceed the unenhanced maximum sentence.

We have recently stated district courts remain bound by statutes designating mandatory minimum sentences, even after *Booker*. *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008) (citing *Spero*, 375 F.3d at 1286).

It is unusual for a district court to mix and match a statutory minimum from one subsection in § 841(b) and a statutory maximum from another. Nevertheless, the district court did not violate *Apprendi* or *Booker* by imposing the mandatory minimum under § 841(b)(1)(B)(vii) for Taylor's conspiracy conviction based on

6

judge-found facts because Taylor's ultimate sentence of 120 months' imprisonment did not exceed the unenhanced 30-year statutory maximum contained in § 841(b)(1)(C). 21 U.S.C. § 841(b)(1)(C); *Sanchez*, 269 F.3d at 1268-70. First, the district court's finding was consistent with Supreme Court authority defining sentencing findings that need not be found by a jury. Specifically, both before and after its decision in *Apprendi*, the Supreme Court held the imposition of a mandatory minimum based on judge-found facts is permissible, so long as the sentence does not exceed the applicable statutory maximum. *See Harris*, 122 S. Ct. at 2420; *McMillan*, 106 S. Ct. at 2416-17, 2419-20. Further, *Apprendi* explicitly stated *McMillan* remained good law. *Apprendi*, 120 S. Ct. at 2361 n.13.

Second, this Court has explicitly held sentencing courts remain bound by statutory minimums, even after the *Booker* holding, *Castaing-Sosa*, 530 F.3d at 1362, and there is no *Apprendi* error unless the "actual" or "ultimate" sentence imposed exceeds the statutory maximum, *Sanchez*, 269 F.3d at 1270. Here, the district court's drug-quantity finding arguably exposed Taylor to both a higher minimum and maximum, namely, ten years' imprisonment to life under § 841(b)(1)(B), when he was only susceptible to a zero to 30 years' imprisonment range under § 841(b)(1)(c). In analyzing whether there has been *Apprendi* or

7

*Booker* error, however, our caselaw focuses on the actual sentence imposed in a § 841(b) case, rather than the range to which the defendant is exposed. Moreover, the drug quantities in § 841(b) are sentencing factors, and *Apprendi* does not prohibit a judge from making a drug-quantity finding and sentencing a defendant "to one of the mandatory minimum sentences in § 841(b)," so long as the mandatory minimum applied does not exceed the applicable statutory maximum. *Sanchez*, 269 F.3d at 1269-70. Thus, because Taylor was not sentenced above the 30-year maximum in § 841(b)(1)(C), and the district court remained bound by statutory minimums post-*Booker*, there was no *Apprendi* or *Booker* error.

Because the jury determined, with respect to his conspiracy conviction, Taylor was accountable for between 50 to 100 kilograms of marijuana, Taylor's statutory maximum sentence was 30 years' imprisonment, pursuant to § 841(b)(1)(C). The district court did not violate *Apprendi* or *Booker* by applying the 10-year mandatory minimum under § 841(b)(1)(B) based on its own finding by a preponderance of the evidence that the offense involved more than 100 kilograms of marijuana because Taylor's 120-month sentence did not exceed the unenhanced 30-year statutory maximum contained in § 841(b)(1)(C). Accordingly, we affirm.

**AFFIRMED**.