[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13702
_____

D.C. Docket No. 1:08-cr-00371-ODE-AJB-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN BERNARD JORDAN,
a.k.a. Steven Dodson,
a.k.a. Ladarius Timmons,

Defendant - Appellant.


_____

No. 10-13703
_____

D.C. Docket No.  1:08-cr-00371-ODE-AJB-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENJAMIN D. SMARR,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(September 25, 2013)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before WILSON and EDMONDSON, Circuit Judges, and VINSON,[*] District
Judge.

PER CURIAM:

This case is before us on remand from the Supreme Court for consideration

in light of *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013).  Following

a jury trial, Steven Bernard Jordan and Benjamin D. Smarr were found guilty of

both conspiracy and possession with intent to distribute cocaine, in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846.  In a special verdict form, the

jury found Jordan and Smarr responsible for 500 grams or more of cocaine but

declined to find them responsible for the greater amount of five kilograms or

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

2

more.[1]  Nonetheless, the district judge found at sentencing that the government had established by a preponderance of the evidence that (contrary to what the jury had found) the defendants were responsible for five kilograms or more of cocaine.  The district court accordingly sentenced Jordan to the statutory minimum sentence of 240 months' incarceration.  Smarr, who had no criminal record at the time, was sentenced to the statutory mandatory minimum of 10 years' imprisonment.

Jordan and Smarr appealed, arguing, *inter alia*, that "the quantity of cocaine that was attributed to them at sentencing" was "contrary to the jury verdict." *United States v. Jordan*, 488 F. App'x 358, 365 n.9 (11th Cir. 2012) (per curiam), *vacated*, 133 S. Ct. 2852 (2013).  We affirmed, finding that this particular argument merited no discussion because it was "foreclosed by binding circuit precedent."  *Id.*; *see Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Spero v. United States*, 375 F.3d 1285, 1286 (11th Cir. 2004) (per curiam) (stating that "the *Apprendi* rule does not apply in minimum mandatory circumstances where the

---

[1] The special verdict form permitted the jury to find the defendants responsible for cocaine (1) weighing less than 500 grams, (2) weighing 500 grams or more, or (3) weighing 5 kilograms or more.

enhanced minimum mandatory sentence does not exceed the non-enhanced maximum sentence").

The Supreme Court then decided *Alleyne*, in which it overruled its previous decision in *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406 (2002), and concluded that:

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). *Alleyne* compels that we vacate Jordan and Smarr's sentences and remand this case to the district court so that they may be resentenced. At trial, the jury found that Jordan and Smarr were responsible for 500 grams or more of cocaine, but expressly declined to attribute five or more kilograms of cocaine to these defendants. The district judge, however, found by a preponderance of the evidence that Jordan and Smarr were responsible for five or more kilograms of cocaine, and used that amount to increase the mandatory minimum sentence applicable to them. Their sentences thus run afoul of *Alleyne*'s command. Accordingly, we **VACATE** the sentences of Jordan and Smarr and **REMAND** so that the district court can resentence them in accordance with *Alleyne*.

**VACATED AND REMANDED.**

4